FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 03, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN L. BOOT,<br><br>                              Petitioner,<br><br>     v.<br><br>JAMES KEY,<br><br>                              Respondent. | NO:  2:16-CV-132-SMJ<br><br>ORDER DISMISSING FIRST<br>AMENDED PETITION |

BEFORE THE COURT is Petitioner's First Amended Petition, ECF No. 9.

Petitioner, a prisoner currently housed at the Airway Heights Corrections Center, is

proceeding *pro se* and has paid the $5.00 filing fee to commence this action.

Petitioner challenges the decision of the Indeterminate Sentence Review Board

("ISRB") finding him "not parolable," in November 2012.  At that time, Petitioner

was housed at the Monroe Correctional Center - Twin Rivers Unit.

Petitioner indicates that he pursued a Personal Restraint Petition on

September 9, 2013, which the Washington State Court of Appeals, Division I,

ORDER DISMISSING FIRST AMENDED PETITION -- 1

denied on April 29, 2015.  He does not state whether the ISRB has conducted any further release hearings pursuant to RCW 9.95.100.

## STATED GROUNDS FOR RELIEF

As his first ground for federal habeas relief, Petitioner asks this Court to determine which state agency, the Department of Corrections ("DOC") or the ISRB, has jurisdiction over him.  He claims that the ISRB initially ruled that he was able to "transition back to the community," but the "Department of Correction Classification denies the ISRB."  ECF No. 9 at 3.  Petitioner is advised that it is not the role of a federal habeas court to determine which state agency has jurisdiction over an inmate's parole.

As his second ground for habeas relief, Petitioner appears to be challenging "grievances against D.O.C. Medical Department (mental health)"  based on actions which occurred at the Coyote Ridge Corrections Center in 2014. ECF No. 9 at 10. Claims concerning the conditions of confinement are not cognizable on habeas review. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991).  Petitioner has presented no facts showing that he is in custody in violation of federal law.

Petitioner contends that he was denied parole because the DOC "refused to update Mr. Boots' Forensic Psychological Evaluation," ECF No. 9 at 9.  The Court notes that Petitioner had refused to participate in a forensic psychological evaluation completed in December 2011. ECF No. 9 at 37.

ORDER DISMISSING FIRST AMENDED PETITION -- 2

Attached to the First Amended Petition are copies of a series of Deferred Decisions by the ISRB, dated March 10, 2010, through November 26, 2012, and labeled Exhibits 7-10, ECF No. 9 at 19-42.  The Court cannot infer from these documents that Petitioner's parole was imminent on November 26, 2012, but for the failure of the DOC to provide an updated psychological evaluation.

In the "Decision and Reasons" dated January 27, 2012, the ISRB had found that Petitioner was merely conditionally parolable to a Mutual Re-Entry Plan (MRP) and added 18 months to his minimum term. ECF No. 9 at 32 (Petitioner's Exhibit #9).   Petitioner was then denied a MRP (i.e., work release) due to the fact that he was an untreated level three sex offender. ECF No. 9 at 41-42.

In addition to his denial to work release, Petitioner was assessed as a moderate high risk for both sex and violet offenses, and the ISRB considered him "too high of a risk to release at this time." ECF No. 9 at 42.  Therefore, he was found "not parolable" in November 2012, and 36 months were added to his minimum term, ECF No. 9 at 39-42 (Petitioner's Exhibit #10).  Based on the facts supplied by Petitioner, the Court cannot find that Petitioner is in custody in violation of federal law.

## FEDERAL LIMITATIONS PERIOD

In the previous Order, ECF No. 8, the Court determined that the ISRB decision issued on November 26, 2012,  was the factual predicate commencing the

ORDER DISMISSING FIRST AMENDED PETITION -- 3

federal limitations period under § 2244(d)(1)(D).  *See Redd v. McGrath,* 343 F.3d 1077, 1081-83 (9th Cir. 2003).  Petitioner filed a Personal Restraint Petition on September 9, 2013, which statutorily tolled the running of the federal limitations period. 28 U.S.C. § 2244(d)(2).  By that time, however, more than nine months of the limitations period had already expired.

The Court of Appeals dismissed the Personal Restraint Petition on April 29, 2015, and issued a "Certificate of Finality" on May 28, 2015.  At that time, less than three months of the federal limitations period remained.   Therefore, by September 2015, the federal limitations period had completely expired.

To excuse his late filed habeas petition, Petitioner asserts that he was diagnosed with Dissociative Identity Disorder ("DID") (i.e., multiple personalities), "during the year following completion of P.R.P." ECF No. 9 at 17. He contends that he was "unable to function as a normal person under the A.D.A. our disability and no medication which D.O.C. failed to provide."  *Id.*  Elsewhere, Petitioner had alleged that he was diagnosed with DID in approximately 1997, ECF No. 9 at 2, and indicated in a grievance from November 2015, that he had been taking certain mental health medications for this disorder for "the last 10-15years." ECF No. 9 at 47.

The Court notes that a psychological evaluation from January 2010, provided no diagnosis for Mr. Boot. ECF No. 9 at 21, 27 and 34.  Nevertheless, the

ORDER DISMISSING FIRST AMENDED PETITION -- 4

ISRB acknowledged Petitioner's ongoing claim of DID in November 2012, and requested an updated psychological evaluation to address that claim. ECF No. 9 at 42. Petitioner makes no assertion whether a psychological evaluation has been forthcoming in the intervening years.

The ISRB also opined that Petitioner's use of the term "we" to refer to himself, "appeared to be a contrivance that would undoubtedly create difficulties for him in the community." ECF No. 9 at 30 and 36. Petitioner has presented no facts, apart from self-serving and contradictory statements, showing that a mental illness prevented him from timely filing a federal habeas petition.

Petitioner submitted a copy of the grievance he filed on November 15, 2015, asserting that a medical professional at the Coyote Ridge Corrections Center had disagreed with his "DID diagnosis," and stopped certain medications which Petitioner had allegedly been taking "as needed for the last 10-15 years." ECF No. 9 at 17. By November 2015, however, the federal limitations period had been expired for more than two months. Therefore, any alleged interference with his long standing medications in November 2015, would not have prevented Petitioner from timely presenting his claims in federal court.

In any event, a recent Ninth Circuit decision, *Nettles v. Grounds*, calls into doubt whether it is even appropriate for Petitioner to pursue his claims in a federal habeas petition. A ruling in Mr. Boot's favor would not necessarily bring about

ORDER DISMISSING FIRST AMENDED PETITION -- 5

his immediate or earlier release from incarceration.  The ISRB could still find Petitioner "not parolable" even if an updated psychological evaluation was provided. Therefore, Petitioner's claims are not "at the core of habeas," and Petitioner must bring his claims, if at all, under 42 U.S.C. § 1983. *Nettles v. Grounds,* 12-16035 (July 26, 2016) (slip op., 25).

If Petitioner wishes to challenge his mental health treatment, he would need to file a separate action pursuant to 42 U.S.C. § 1983 in which he presented sufficient facts showing that identified Defendants were deliberately indifferent to his serious medical needs.  Petitioner would be responsible to pay the $400.00 filing fee to commence such an action, although the $50.00 administrative fee could be waived if Petitioner was granted leave to proceed *in forma pauperis.* Petitioner would also need to be mindful of restrictions on future filings under 28 U.S.C. § 1915(g) if he has, on three or more occasions, filed an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

For the reasons set forth above and in the Order to Amend, ECF No. 8, **IT IS ORDERED** that the First Amended Petition, ECF No. 9 is **DISMISSED without prejudice.**

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner, and **CLOSE** the file. The Court further

ORDER DISMISSING FIRST AMENDED PETITION -- 6

1    certifies that there is no basis upon which to issue a certificate of appealability. 28

2    U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3           **DATED** this 3rd day of August 2016.

4

5           SALVADOR MENDOZA, JR.
            United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DISMISSING FIRST AMENDED PETITION -- 7